**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| PAMELLA WILSON,        ) | |
|           ) | |
|     **Plaintiff,**      ) | |
|           ) | |
| **v.**              ) | **Case No. 3:26-cv-00824** |
|           ) | |
| **FOOD CONCEPTS and COFFEE**    ) | |
| **CONNEXION,**           ) | |
|           ) | |
|     **Defendants.**     ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pamella Wilson, a resident of Lebanon, Tennessee, filed a pro se Complaint (Doc. No. 1), alleging employment discrimination, wrongful termination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 against Coffee Connexion d/b/a Food Concepts[1]. Plaintiff also filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2) and a Motion to Supplement the Record (Doc. No. 6). Though no summons has yet issued in this case, Defendant filed a Motion to Dismiss (Doc. No. 8) to which Plaintiff has responded. (Doc. No. 10).

### I. FILING FEE

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989); <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. <u>Adkins</u>, 335

---

[1] The named Defendants "Food Concepts" and "Coffee Connexion" appear to be one entity, "The Coffeeconnexion Company Inc. d/b/a Food Concepts." (Doc. No. 8 at 1.) For this reason, the Court will refer to this entity as "Defendant" throughout the Order.

1

U.S. at 339; <u>Foster v. Cuyahoga Dep't of Health and Human Servs.</u>, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." <u>Foster</u>, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." <u>Id.</u>

Plaintiff's IFP Application asserts her indigence based on a monthly income of $294.00, $355.00 in cash, a negative balance of $271.00 in a checking account, and $2,665.00 in monthly expenses. (Doc. No. 2 at 1-2, 4-5.) Because Plaintiff's IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the Complaint in forma pauperis. 28 U.S.C. § 1915(a).

Even though Plaintiff has been granted pauper status, she is not exempt from other fees and costs in this action. Costs may include postage, copying fees, witness fees, and deposition and transcript costs. More information about proceeding in forma pauperis can be found on the Court's website and in the Court's Information Sheet entitled "In Forma Pauperis (IFP) Status for Nonprisoners" which is available from the Clerk's Office upon request at no cost.

## II. MOTION TO SUPPLEMENT THE RECORD (DOC. NO. 6)

On June 29, 2026, Plaintiff filed a Motion to Supplement the Record (Doc. No. 6) pursuant to Tennessee Rule of Appellate Procedure 24(e), asking that the Court allow Plaintiff to file various documents that were inadvertently omitted from the Complaint. (<u>Id.</u> at 1.) Plaintiff lists eight documents she wishes to include: (1) Equal Employment Opportunity Commission ("EEOC") right to sue letter issued on June 22, 2023; (2) Employee Counseling Notice dated February 12, 2024; (3) EEOC right to sue letter issued on July 17, 2025; (4) Employee Counseling Notice dated

2

October 15, 2025; (5) Employee Counseling Notice dated October 22, 2025; (6) Letter from Defendant Food Concepts dated October 24, 2025; (7) Separation Notice dated October 27, 2025; and (8) EEOC right to sue letter issued on March 23, 2026. (Id. at 2; Doc. No. 6-1.) Plaintiff contends that these documents are "necessary to ensure a fair and accurate review of the issues presented in this case." (Doc. No. 6 at 2.)

Plaintiff incorrectly cites to the Tennessee Rules of Appellate Procedure in support of her Motion. (Id. at 1.) Rather, Federal Rule of Civil Procedure 10(c) affords Plaintiff the relief she seeks. Rule 10(c) allows the Court to consider a copy of any "written instrument" made an exhibit to a pleading to be part of the pleading "for all purposes." Fed. R. Civ. P. 10(c). A "written instrument," as it pertains to Rule 10(c), is a document that evidences "legal rights or duties or giv[es] formal expression to a legal act or agreement . . . The documents that satisfy this definition consist largely of documentary evidence, specifically, contracts, notes, and other writings on which a party's action or defense is based." Steverson v. Walmart, No. 3:19-cv-00140, 2019 WL 3822179, at *2 (M.D. Tenn. Aug. 15, 2019). The documents Plaintiff seeks to incorporate fit the definition of "written instruments" as the term relates to Rule 10(c). Sherlock v. FirstEnergy Corp., No. 3:04 CV 07758, 2005 WL 1539265, at *3 (W.D. Ohio June 30, 2005) (recognizing a right to sue letter issued by the EEOC as a "written instrument.").

Plaintiff's Motion to Supplement the Record (Doc. No. 6) is **GRANTED** insofar as the documents attached to the Motion (Doc. No. 6-1) will be incorporated into the record as they relate to the allegations within the Complaint.

3

## III. INITIAL REVIEW

A. <u>LEGAL STANDARD</u>

When a plaintiff is proceeding in forma pauperis, the Court must conduct an initial review and dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); <u>see</u> <u>also</u> <u>Ongori v. Hawkins</u>, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," <u>Small v. Brock</u>, 963 F.3d 539, 540 (6th Cir. 2020) (<u>quoting</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). <u>Hill v. Lappin</u>, 630 F.3d 468, 470–71 (6th Cir. 2010). In making the plausibility determination, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," <u>Nat'l Rifle Ass'n of Am. v. Vullo</u>, 602 U.S. 175, 181 (2024) (<u>quoting</u> <u>Iqbal</u>, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." <u>Inner City Contracting, LLC v. Charter Twp. of Northville, Mich.</u>, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must also afford the pro se pleading a liberal construction, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. <u>Inner City</u>, 87 F.4th at 749.

4

B. <u>FACTUAL BACKGROUND</u>

The below allegations are presumed true for purposes of the required screening of the Complaint.

Plaintiff began employment with Defendant in early 2023, and was accused of harassing Hispanic employees. (Doc. No. 1 at 7.) She filed a charge with the EEOC and received a right to sue letter. (<u>Id.</u>) "Judge Frensley dismissed the case for mootness."[2] (<u>Id.</u>)

"At that point Food Concepts/Coffee Connexion move[d] [Plaintiff] to a 2nd shift position . . . with one employee under [her] supervision." (<u>Id.</u>) Plaintiff states "[t]he lawyer John Beam" told her that her move to second shift was an act of punishment by Defendant because she did not "sign a disclosure agreement in a meeting in his office." (<u>Id.</u>) Plaintiff filed another charge with the EEOC, and she was issued a right to sue letter in March.[3] (<u>Id.</u>)

"The company"[4] changed Plaintiff's hours to accommodate another employee working with her. (<u>Id.</u>) Plaintiff's mother then passed away in May.[5] (<u>Id.</u>) At one point, an employee, Daniel Pendergraph, wanted to switch to day shift, and Plaintiff was asked if she wanted to go to day shift. (<u>Id.</u>) Plaintiff said she was put on second shift as a punishment and wanted to stay on that shift. (<u>Id.</u>) The manager said she would get back to Plaintiff. (<u>Id.</u>) When Plaintiff "returned to work on

---

[2] Upon the Court's own research, Plaintiff filed a complaint in this Court for employment discrimination and retaliation against Defendant on September 6, 2023. (<u>See</u> <u>Wilson v. Coffee Connexion</u>, Case No. 3:23-cv-00945 (M.D. Tenn. Sep. 6, 2023) (Richardson, J.)). The Court dismissed that case with prejudice for failure to state a claim upon which relief may be granted. (<u>See</u> <u>Wilson</u>, Case No. 3:23-cv-00945 (Doc. Nos. 19, 25)).

[3] Plaintiff does not specify in the Complaint in what year she received this right to sue letter. (<u>See</u> Doc. No. 1.)

[4] The Court interprets "The company" as a reference to Defendant.

[5] Plaintiff fails to indicate in what year this occurred. (Doc. No. 1 at 7.)

5

Monday at regular time, [she] was told that [she] refused to do the new shift and [she] could not make up [her] missed hours." (Id.)

Plaintiff thanked Pendergraph for his help in getting the shift change, and an argument ensued. (Id. at 8.) "He commented that no one like [sic] [her] . . . and that's why [she] . . . was not allowed to work at the other buildings." (Id.) Pendergraph, after working under Plaintiff's prior manager, Jeff Lawrence, said he felt Plaintiff discriminates against him when she tells him to do different tasks. (Id.) Any time Plaintiff would direct Pendergraph to do something, "the manager would have him do something else," which would undermine Plaintiff's authority. (Id.) Pendergraph was then removed from the building to work "in other areas until the day [Plaintiff] was terminated." (Id.)

Plaintiff was given two employee counseling notices that she had never been made aware of, and those notices contained false information written by the Human Resources Department and "Company Plant Manager." (Id.) Plaintiff was terminated from her employment on October 24, 2025[6], seven days after the expiration of one of her right to sue letters. (Id.)

C. ANALYSIS

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 against Defendant, alleging adverse employment actions that occurred in January 2023 through October 24, 2025, the date of the termination of her employment. (Doc. No. 1 at 2-4, 7-8.)

Title VII proscribes certain discriminatory employment practices. Before filing suit in federal court under Title VII, a plaintiff must first timely file a relevant charge of discrimination

---

[6] Plaintiff states she was terminated on October 24, 2026. (Doc. No. 1 at 7.) As best the Court can discern, Plaintiff was terminated on October 24, 2025. (Doc. No. 6-1 at 9-10.)

6

before the EEOC or corresponding state agency. Amini v. Oberlin Coll., 259 F.3d 493, 498 (6th Cir. 2001). The purpose of this requirement is to allow the EEOC the opportunity to help the parties to resolve the matter by voluntary settlement rather than through litigation. Randolph v. Ohio Dep't of Youth Servs., 453 F.3d 724, 731-32 (6th Cir. 2006) (citing Parsons v. Yellow Freight Sys., Inc., 741 F.2d 871, 873 (6th Cir. 1984)).

A plaintiff alleging discrimination must either file a charge with the EEOC within 180 days of the alleged discrimination or file with the appropriate state agency within 300 days if the state is a deferral state. 42 U.S.C. § 2000e-5(e)(1); see Nichols v. Muskingum Coll., 318 F.3d 674, 677 (6th Cir. 2003). Tennessee is a deferral state that allows plaintiff has 300 days to file the EEOC charge, contingent upon having first filed the charge with the appropriate state or local agency. Jackson v. Richards Med. Co., 961 F.2d 575, 579 (6th Cir. 1992) (citing Tenn. Code Ann. § 4-21-101); 42 U.S.C. §§ 2000e-5(c), (e)(1).

If a charge is not first filed with the appropriate state or local agency prior to being filed with the EEOC (or is not filed contemporaneously with both the appropriate state agency and the EEOC), then the 180-day timeframe applies. See El–Zabet v. Nissan N. Am., Inc., 211 F. App'x 460, 463 (6th Cir. 2006) (applying the 180-day timeframe where "nothing in the record indicat[ed] that [the plaintiff] instituted proceedings with a state or local agency" prior to or contemporaneously with filing a charge with the EEOC).

If the EEOC finds that the charge has a reasonable basis, it will issue to the plaintiff a notice of right to sue. 29 C.F.R. § 1601.28(b). Upon receipt of a notice of right to sue, the employee has 90 days in which to bring a federal action alleging a violation of Title VII. 42 U.S.C. § 2000e-5(f)(1).

Administrative exhaustion (that is, completing the required process of seeking a remedy or resolution before the applicable administrative agency, here, the EEOC) thus involves (1) timely filing with the EEOC a charge of employment discrimination and (2) receiving and acting upon a statutory right-to-sue notice. Granderson v. Univ. of Mich., 211 F. App'x 398, 400 (6th Cir. 2006) (citing Puckett v. Tenn. Eastman Co., 889 F.2d 1481, 1486 (6th Cir. 1989)).

Plaintiff alleges claims of employment discrimination, retaliation, and wrongful termination occurring in "the beginning of 2023" and continuing through October 24, 2025. (Doc. No. 1 at 4, 7.) However, in Plaintiff's Response to Defendants [sic] Motion to Dismiss (Doc. No. 10), Plaintiff describes the facts of her case beginning March 10, 2025. (Id. at 2.)

Additionally, Plaintiff provides the Court with three right to sue letters. (Doc. No. 6-1 at 1, 4, 11.) Presumably, the right to sue letter issued in March 2026 is the one related to Plaintiff's allegedly wrongful termination on October 24, 2025. (Id. at 11.) But Plaintiff fails to otherwise identify the dates of many events described in the Complaint, leaving the Court unable to identify which allegations might have corresponded to the Charge of Discrimination that produced the March 2026 right to sue letter. (See Doc. No. 1; See Doc. No. 6-1.) Because Plaintiff also failed to file a copy of that Charge of Discrimination, the Court is unable to determine the scope of the claims encompassed by the March 2026 right to sue letter. Therefore, the Court is unable to determine the viability of the Complaint.

Taking into account her pro se status, Plaintiff is **DIRECTED** to file, within **30 DAYS** of the date this Order is entered, an Amended Complaint providing clarification for the Court as to the above. The Amended Complaint must include any and all applicable facts and claims against Defendant that Plaintiff wishes to make, including any and all information regarding the alleged employment discrimination, retaliation, and wrongful termination, Plaintiff's Charge of

8

Discrimination filed with the EEOC or the appropriate state agency, any additional related right to sue letters and Charge of Discrimination documentation not previously included with Plaintiff's Motion to Supplement the Record (Doc. No. 6), and all corresponding dates for all relevant events. The March 23, 2026 right to sue letter (Doc. No. 6-1 at 11) is a matter of record, and Plaintiff therefore need not submit that document with her Amended Complaint. Plaintiff's submission must be <u>received</u> by the deadline.

All relevant claims, plaintiffs, defendants, and facts shall be set forth in the proposed Amended Complaint; Plaintiff cannot incorporate by reference her prior allegations. L.R. 15.01(b). The Court will not piece together multiple complaints and attachments to each.

## IV. CONCLUSION

In light of this Order to file an Amended Complaint, Defendant's Motion to Dismiss the original Complaint (Doc. No. 8) is **DENIED WITHOUT PREJUDICE** to its ability to file any appropriate Rule 12 motion after the Court has reviewed the Amended Complaint.

Plaintiff is forewarned that, should she fail to comply with the Order within the time frame specified, or fail to request an extension of the 30-day period for compliance before it expires, any limitations period applicable to this action will no longer be tolled and the case may be dismissed.

Plaintiff is cautioned that failure to keep the Court apprised of any change in her address of record may result in dismissal of this case. M.D. Tenn. L.R. 41.01(b).

Resources for pro se litigants are available free of charge on the Court's website as well as by request to the Clerk's Office so long as the privilege is not abused.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

9